# FEBRUARY, 1921

MARGARET FAVILLE ET AL. v. KATE ROBINSON ET AL.

Application No. 11372.   Decided February 9, 1921.

(227 S. W., 938.)

**1.—Trusts—Parol Evidence—Fraud.**

That property was acquired subject to a trust may be shown by parol evidence; and where a conveyance is procured on faith of an oral agreement which the grantee repudiates and refuses to perform, and the circumstances are such as to deny the right to rescission, equity, for the prevention of fraud, will turn such procurer of the legal title into a trustee. (Pp. 49, 50).

**2.—Same—Statute of Frauds.**

Though a verbal promise by the owner of land to convey same is within the Statute of Frauds, such statute has no application to proof of a parol agreement by which the party, through such promise to convey, obtained the title to the land. Allen v. Allen, 101 Texas, 362, distinguished. (P. 50).

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Mrs. Kate Robinson, joined by her husband, sued Margaret Faville and another, seeking the cancellation of a deed, the establishment of a trust, or damages. Judgment was rendered for the defendants on a demurrer sustained to the petition, and plaintiffs appealed. The judgment was reversed, holding the petition sufficient to establish a trust (203 S. W., 68). Appellees, defendants below, asserting a conflict of decisions, applied to the Supreme Court for writ of error, which is here refused.

*Terrell & Terrell,* for applicants.—The Court of Civil Appeals erred in holding that an action could be maintained on an oral contract to reconvey land by will, and that the courts would declare the land held in trust for the original grantors, there being no allegation of fraud, accident or mistake in the original conveyance. Lewis v. Aylott, 45 Texas, 198; Henderson v. Davis, 191 S. W., 359.

Testimony to establish an oral contract to convey land is inadmissible, in the absence of an allegation of fraud, accident or mistake. Johnson v. Elmen, 94 Texas, 173; Johnson v. Johnson, 147 S. W., 1167; Lancaster v. Richardson, 35 S. W., 751.

An oral contract to devise land can not be made the basis of an action of any character upon the allegation that the party making such oral promise has declined to carry it out, there being no allegation of fraud, accident or mistake. Allen v. Allen, 101 Texas, 362; May v. Cearley, 138 S. W., 166; C. T. & M. C. Ry. Co. v. Titterington, 84 Texas, 224; Henderson v. Davis, 191 S. W., 359; Lancaster v. Richardson, 35 S. W., 751; Dixon v. McNeese, 152 S. W., 675; Pitts v. Kennedy, 177 S. W., 1017; Sprague v. Haines, 68 Texas, 216; Rev. Stats., art. 3985.

*Lewright & Douglas* and *James F. Boyle,* for appellants in Court of Civil Appeals.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The suit was one where, according to her petition, the plaintiff, Mrs. Kate Robinson, was induced to convey to her mother, Mrs. Margaret Faville, a certain interest in real estate upon the mother's oral representation and promise that at her death she would devise to the plaintiff her entire interest in the property; which agreement was afterwards repudiated by the mother; and because of which the plaintiff sought to have the property impressed with a trust to the extent of the interest conveyed.

It is clearly and rightfully the rule in this State, as was held by the Court of Civil Appeals, that the title to property acquired under

111 Tex.—4

such circumstances is subject to a trust and that the trust may be established by parol. Clark v. Haney, 62 Texas, 511, 50 Am. Rep., 536. Where a grant is made on the faith and because of a promise, a breach of the promise is necessarily a fraud, not to be tolerated in equity although the promise be only verbal. In such cases, where the circumstances are such as to deny the right to a rescission, equity will impose a trust upon the property as a means of defeating a fraudulent and wrongful acquisition of the title. In the phrase of Chief Justice Gibson, equity turns the fraudulent procurer of the legal title into a trustee, to get at him. Hoge v. Hoge, 1 Watts (Pa.) 214, 26 Am. Dec., 52.

A verbal promise of the character here pleaded and sought to be enforced is not within the Statute of Frauds. Allen v. Allen, 101 Texas, 362, 107 S. W., 528, does not, as the plaintiffs in error urge, hold that it is. The promise is not to convey any existing interest in real estate. It is made as the means of acquiring the interest. The interest is obtained on the faith of it and it enters into the title. Because so, equity will not permit the grantee to hold the title in repudiation of the agreement.

In the Allen case, Allen already held title to the land, and so holding it agreed, verbally, with Mrs. Sarah Allen that if she would discharge a purchase-money note given for it, the land should be hers. The oral agreement was but an agreement to convey an existing interest in land, and hence clearly within the Statute of Frauds. The decision expressly recognizes that our Statute of Frauds has no application to the establishment of parol trusts in land where the promise or understanding, the foundation of the trusts, was "existing when the titles vested under the written conveyances."

The difference between that case and cases like it, and this one is that Allen was already the owner of the land when the oral agreement was made; whereas, here, Mrs. Faville, according to the pleading, acquired the title in recognition of the agreement and because of it.

Writ of error refused.