The Supreme Court of the United States has announced the same rule. Clairborne County v. Brooks, 111 U. S. 401, 406, 4 Sup. Ct. 489, 28 L. Ed. 470.

The reasons given in these cases apply with equal force to the subject now before us, and clearly demonstrate, we believe, that the mere grant of authority to purchase cemetery grounds, in view of the other articles of the charter referred to by us, does not carry with it, by implication, the power of incurring a debt running over a series of years, evidenced by notes, as in this case.

It follows from what we have said that we are of the opinion that the obligations described in the appellants' petition in the court below are void, and the trial court erred in sustaining a general demurrer to the petition.

---

## WALKER et al. v. MITCHELL et al.
### (No. 477–3870.)

(Commission of Appeals of Texas, Section A. Dec. 5, 1923.)

**1. Frauds, statute of ⬤➟74(1)—Mortgages ⬤➟ 34—Contract held supported by sufficient consideration and not a verbal contract for conveyance of land in contravention of statute.**

Where, after the purchase of land by two tenant farmers and default by them in making payments, the vendors offered, if the property was reconveyed to them, to arrange with prior lienors to prevent a foreclosure and to hold the property until it could be sold for enough to protect their respective equities, which was done, held, that such agreement was supported by a sufficient consideration and that such transaction was not a verbal contract for the conveyance of land in contravention of the statute.

**2. Trusts ⬤➟35(1)—Reconveyance of realty by purchasers to vendors after default in payment held to convey title subject to trust.**

Where, after a sale of land and default in payment by the purchasers, the vendors offered, if the property was reconveyed to them, to arrange with prior lienors to prevent a foreclosure and to hold the property until it could be sold for enough to protect their respective equities, which was done, held, that the reconveyance under such agreement vested title subject to a trust.

**3. Appeal and error ⬤➟1175(7)—Rendition of judgment for appellant by Court of Civil Appeals after reversal held error.**

In an action to establish an interest in land, where the trial court in its findings of fact in effect stated that he had not considered the probative force of the evidence, but upon the assumption that all of plaintiff's evidence was true, had determined that they had not made out a prima facie case, and where defendants properly reserved exception to having their testimony ignored and objected to all material findings of fact, held, that the Court of Civil Appeals on appeal after reversal erred in rendering judgment for plaintiffs on the purported findings of fact; the case not having been tried upon its merits.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by W. A. Mitchell and J. M. Mitchell against G. C. Walker and W. P. Walker. Judgment for defendants was reversed on appeal by the Court of Civil Appeals and judgment rendered for plaintiffs (241 S. W. 1090), and defendants bring error. Judgments of district court and Court of Civil Appeals both reversed, and cause remanded.

Nye H. Clark and E. B. Coopwood, both of Lockhart, and I. P. Hildebrand and Leon Green, both of Austin, for plaintiffs in error.

---

⬤➟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Fitzgerald & Hatchitt, of Wichita Falls, M. O. Flowers, of Lockhart, and S. S. Searcy, of San Antonio, for defendants in error.

BISHOP, J. Defendants in error, W. A. Mitchell and J. M. Mitchell, filed this suit in district court of Caldwell county against plaintiffs in error, G. C. Walker and W. P. Walker, alleging substantially the facts as hereinafter set out in the purported findings of fact. They further allege that at the time of the conveyance to them of the land they were tenant farmers, and owned no property except some farm equipment, teams and their earnings of $1,500 paid in that transaction; that this was known to plaintiffs in error; and that the representations made to them by plaintiffs in error on the purchase of the land and reconveyance by them were made for the purpose of overreaching, cheating, and defrauding them, and to obtain their said earnings and the value of improvements placed on said land. By reason of the facts alleged by them in their petition, the defendants in error claimed that they were entitled to an undivided three-eighths interest in the land, and in their pleadings asked for a judgment for an undivided three-eighths interest and partition or for appointment of receiver and sale of the land and equitable division of proceeds of sale, or in the alternative for judgment against plaintiffs in error for the amount paid out by them on said land and improvements thereon.

Plaintiffs in error, by their answer, joined issue on the allegations in the petition, and by cross-action set up and asked for judgment on a note for $500 executed to them by defendants in error of date November 1, 1914.

The case was tried by the court without a jury and judgment rendered against the defendants in error, and in favor of the plaintiffs in error on their cross-action, for the amount due on their note for $500 with interest and attorney's fees. On appeal the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of defendants in error for $2,781, less the sum of $801.70. 241 S. W. 1090. There is no statement of facts in the record. The trial court prepared and filed findings of fact and conclusions of law, and thereafter additional findings of fact as follows:

"The testimony of the defendants, G. C. and W. P. Walker, given upon the trial of said cause, was not considered by me, and I did not pass upon the credibility of the same, and no attempt was made by me to reconcile the difference in the testimony of the plaintiffs and defendants, heard by me upon the trial of said cause. Assuming the testimony of plaintiffs· to be (true), I concluded that they were not entitled to recover in this action upon their testimony, and the testimony of the plaintiffs was only considered by me, in making up my find-ings of fact, as to whether, based alone upon said testimony, plaintiffs had made out a prima facie case, and I concluded that they had not. In connection with my former findings of fact, I further find that the plaintiffs never at any time furnished defendants with the name of a buyer for the land mentioned in the pleadings, nor did they ever tender to the defendants the money for the land and demand a deed therefor; that plaintiffs made no demand for a refund of any money spent on the land until the filing of this suit; that upon the trial of this case, Byrd Briscoe, the man who asked plaintiffs if the land could be purchased for $60 per acre, was· present in court as a witness for plaintiffs, but was not used."

The purported findings of fact, not including the additional findings quoted above, are in substance as follows:

W. A. Mitchell and J. M. Mitchell, defendants in error, in 1912, by deed purchased 220 acres of land from G. C. Walker and W. P. Walker, plaintiffs in error; the consideration being $1,500 cash and five notes due in one, two, three, four, and five years, respectively, executed by the Mitchells, aggregating $2,633, and their assumption of notes aggregating $6,867, all notes being secured by vendor's lien. At the time of this transaction· the Walkers represented to the Mitchells that if they were not able to meet the payments the Walkers would not foreclose, and that if they became dissatisfied with their trade within three years the Walkers would pay them their money back and pay for any permanent improvements that they had made on the land. Under their deed the Mitchells took possession of the land, occupied and used it till January, 1915, and made permanent improvements thereon aggregating $700. In the fall of 1914 the holders of the assumed notes were pressing for payment, and the Mitchells being unable to pay applied to the Walkers for aid and offered to surrender the land on reimbursement of the money paid out by them. The Walkers, claiming that they were unable to do this on account of prevailing financial stringency, advised the Mitchells that if the lands were surrendered to them they would arrange with the prior mortgage holders and prevent a foreclosure; that they would then hold said land until conditions improved and sale could be had at a price sufficient to discharge the outstanding indebtedness and protect their respective equities. Acting oh this promise of the Walkers to allow them the privilege of finding such purchaser when times improved, and that the land would then be sold for the purposes stated, the Mitchells surrendered said land to the Walkers by deed of date January 11, 1915. The Walkers at once took possession of the land and are now in possession of same. At the time of the execution of this last deed the Walkers surrendered to the Mitchells their five notes aggregating $2,633. During the fall

of 1915 one came to one of the Mitchells and asked if the land could be bought at $60 per acre, which was the reasonable market value at this time. Mitchell then approached the Walkers, telling them he had a purchaser for the land, when he was informed by the Walkers that the land was not for sale and that they would not sell it. On November 1, 1914, the Walkers loaned the Mitchells $500, for which sum the Mitchells executed their note due November 1, 1915, with 8 per cent. interest and 10 per cent. attorney's fees and no part of this note has ever been paid.

The record shows that the plaintiffs in error filed objections to practically all material facts found by the trial court, which were by the court overruled, and they prepared and filed their bills of exception.

[1] The first assignment of error is as follows:

"The Court of Civil Appeals erred in reversing the judgment of the trial court for the reason that the pleadings of the defendants in error and the finding of facts by the trial court show that the defendant in error sued the plaintiffs in error to recover damages for a breach of a verbal contract to convey land, and that such verbal contract was in contravention and against the statutes of frauds, and that such contract was illegal and will not be enforced by the courts of Texas."

This contract was not "in contravention and against the statute of frauds," as claimed by plaintiffs in error. The defendants in error offered to surrender the land to plaintiffs in error, if they would reimburse them for the money they had been out on the purchase of the land and improvements. The plaintiffs in error would not do this, but made to them the counter proposition that if defendants in error would surrender to them the land, they would arrange with the prior lienholders to prevent a forclosure, and that they would hold the land until conditions improved and a sale could be made at a price sufficient to protect their respective equities. This proposition was accepted and the land surrendered to plaintiffs in error. The land was surrendered charged with these equities, and to be held till the amount of such equities could be realized. We think there was sufficient consideration to support this contract, and that the judgment of the trial court should have been reversed. Faville v. Robinson, 111 Tex. 48, 227 S. W. 938; Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536.

[2] The plaintiffs in error, having induced defendants in error to surrender the land by reconveyance under a promise to hold same until a sale could be made at a price sufficient to protect their respective equities, acquired title subject to a trust. In the case of Faville v. Robinson, supra, the court says:

"Where a grant is made on the faith and because of a promise, a breach of the promise is necessarily a fraud, not to be tolerated in equity although the promise be only verbal. In such cases, where the circumstances are such as to deny the right to a rescission, equity will impose a trust upon the property as a means of defeating a fraudulent and wrongful acquisition of the title."

[3] Complaint is made that the Court of Civil Appeals should not have rendered judgment against the plaintiffs in error, on the purported findings of fact of the trial court, for the reason that such findings were not facts found by the court to be true. The court, in the additional findings filed, states that the testimony of plaintiffs in error was not considered, and that he did not pass upon the credibility of same, but that he assumed that the testimony of defendants in error was true and considered same only for the purpose of determining whether based alone upon such testimony, defendants in error had made out a prima facie case, and had concluded they had not. The court in effect states that he did not consider the probative force of the evidence. The Court of Civil Appeals erred in holding that the plaintiff in error "did not object to their testimony being ignored but have accepted the findings as being true." On the contrary, the record shows that plaintiffs in error objected to all the material findings of fact, and on their objections being overruled prepared and filed their bills of exceptions which appear in the record. The court did not find what facts were established on the trial, but only found that if all the facts most favorable to defendants in error were true, they were not entitled to recover. It appearing that this case had not been tried on its merits, it should be remanded to the district court for trial. Marx v. Heidenheimer, 63 Tex. 304; State v. Pease (Tex. Civ. App.) 147 S. W. 649.

We therefore recommend that the judgments of both the district court and the Court of Civil Appeals be reversed and the cause remanded to the district court for trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.