**TIEMAN et al. v. DYER.**

No. 4862.

Court of Civil Appeals of Texas. Amarillo.

Feb. 21, 1938.

Rehearing Denied March 28, 1938.

Beall, Beall, Yonge & Neblett, of Sweetwater, for appellants.

Glover Engledow, of Clairemont, for appellee.

STOKES, Justice.

On the 2d day of November, 1901, Mrs. Mary H. Trumbull, a widow, executed and delivered to her half-sister, Miss Beall Herron, a deed of general warranty, conveying two sections of land, one of which was located in Kent county, and the other in Stonewall county. The consideration recited in the deed was "love and affection and the sum of five dollars," which is recited to have been paid by the grantee. On the 22d of May, 1934, Miss Herron executed her last will and testament in which she devised the Kent county section to her niece, Mrs. Katherine Tieman, who is the appellant in this case. The will was probated in the county court of McLennan county November 4, 1935, and the Kent county section of land was included in the inventory and appraisement. The probate proceedings were recorded in Kent county February 27, 1936.

On the 15th of February, 1936, appellee filed this suit in trespass to try title, and on the 14th of September, 1936, by amended petition, in addition to the statutory form of trespass to try title, she alleged substantially that on November 2, 1901, her

mother, Mrs. Mary H. Trumbull, was the owner of both the Stonewall county section and the Kent county section, and that there was a cloud upon the title which she desired removed; that being financially unable to prosecute a suit to clear the title she agreed and contracted with Miss Herron to prosecute such litigation as may be necessary to clear the title, in consideration of which Miss Herron was to receive an undivided one-half interest in any of the land which may be recovered in such litigation. She alleged that in order to carry out the terms of the contract her mother, Mrs. Trumbull, on the 2d of November, 1901, executed and delivered to Miss Herron the deed of that date. She alleged that, while the consideration in the deed was recited as "love and affection and the sum of five dollars," the real consideration was that Miss Herron was to take the title to the land, file and prosecute such suits in court as may be necessary to clear the title, and reconvey to Mrs. Trumbull, her heirs or assigns, one-half of such land as may be recovered in the suit, and that Miss Herron took the title to the land in trust and thereafter held same in trust for Mrs. Trumbull, her heirs or assigns, under the agreement to reconvey the same upon request or demand. She alleged the death of her mother, Mrs. Trumbull, and that she was the only child and entitled to the land by inheritance from her mother.

Appellant filed her amended original answer on February 26, 1937, which consisted of a general demurrer, a number of special exceptions, a general denial, plea of not guilty, and the three, five, and ten-year statutes of limitation. Rev.Civ. St.1925, arts. 5507, 5509, 5510. By way of cross-action she sued in trespass to try title and affirmatively pleaded the three, five, and ten-year statutes of limitation, and by supplemental answer she pleaded the statute of frauds in answer to the allegations of appellee concerning her pleadings which sought to ingraft an express trust upon the deed of Mrs. Trumbull to Miss Herron.

In reply to the cross-action appellee, in a supplemental petition, pleaded a general demurrer and not guilty.

The case was tried before a jury and submitted upon three special issues, in answer to which the jury found, in effect, that, at the time the deed was executed by Mrs. Trumbull to Miss Herron, it was the understanding and agreement between them that Miss Herron would attempt to clear the title to the land by instituting a suit if necessary, pay all the expenses incurred, and if such land was recovered she would, upon demand of Mrs. Trumbull, her heirs or assigns, reconvey one-half of the land and that Miss Herron did not repudiate the understanding and agreement prior to February 15, 1933.

Based upon the verdict of the jury the court, on the 23d of March, 1937, rendered judgment in favor of appellee, Mrs. A. T. Dyer, for an undivided one-half interest in the Kent county section of land, to which appellant duly excepted, and, upon her motion for a new trial being overruled, gave notice of appeal and has perfected her appeal to this court.

Under appropriate assignments of error and propositions appellant assigns error of the trial court in refusing to grant her motion for an instructed verdict and for a judgment non obstante veredicto. These motions were properly presented and by the court overruled. They were based, in part, upon the contention of appellant that the deed from Mrs. Trumbull to Miss Herron of November 2, 1901, being regular on its face and expressing a valuable and legal consideration, the trust alleged by appellee could not be ingrafted upon it by parol and that, to do so, would contravene the statute of frauds. Our statute of frauds is included in article 3995, R.C.S. 1925, and provides:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

The statute is not so restrictive as the English law on the subject, which prohibits the bringing of suits upon any contract or sale of lands, tenements, or hereditaments or any interest in or concerning them unless it be in writing. The provision of the English law which requires contracts for any interest in land to be in writing is omitted from our statute and it has been held by our Supreme Court since an early day that, because of the omission

from our statute of suits based upon contracts for any interest in lands and its confinement to contracts for their sale, it is permissible to ingraft by parol evidence an express trust upon a deed conveying land although it is regular in form as a deed of conveyance. James v. Fulcrod, 5 Tex. 512, 55 Am.Dec. 743; Clark v. Haney, 62 Tex. 511, 50 Am.Rep. 536; Faville et al. v. Robinson et al., 111 Tex. 48, 227 S.W. 938.

In Clark v. Haney, supra, Chief Justice Willie, speaking for the court, following the principle laid down by Browne on the statute of frauds, said: "That where a verbal promise of the defendant to make a certain disposition of lands is the means of obtaining to himself the legal title, so that in fact he practices a deception upon his grantor by so obtaining the lands, and then holding and dealing with them as his own, a court of equity will compel him to perform his verbal agreement. All that is necessary is that the grantor has been duped by such promises into assigning his right to property, and that the trust has been afterwards repudiated."

■ The rule is likewise well established in this state that parol evidence is not only admissible to establish such a trust, but that such evidence does not contravene the rule forbidding the introduction of parol evidence to vary the terms of a written contract. Milliken v. Anderson, Tex.Civ.App., 294 S.W. 921; Masterson v. Amarillo Oil Co., et al., Tex.Civ.App., 253 S.W. 908.

Appellant cites us to the case of Wheeler et al. v. Haralson et al., Tex.Com.App., 99 S.W.2d 885, 886 and particularly to the paragraph wherein the court said: "We do not have here a case where property was conveyed without consideration to be held for a specified purpose, the equitable title remaining in the vendor, but do have an absolute conveyance, for a valuable consideration, with no reservation of the equitable title."

We do not believe it was the purpose of the Commission of Appeals nor of the Supreme Court in adopting the opinion to overrule the long- line of decisions which has through the years exhibited a consistent adherence to the rule that under our statute of frauds an express trust may, by parol, be ingrafted upon a deed, regular upon its fact and containing no reference to the alleged trust. It is significant to note that in the Haralson Case the appellees had conveyed their interests in the land to Mrs. Wheeler, who assumed the outstanding indebtedness against it, and that she conveyed it to the bank who held the indebtedness. The bank in turn reconveyed the land to Mrs. Wheeler, reserving a vendor's lien. The court observes that "While it appears that this method of handling the matter was probably adopted for the purpose of fixing a vendor's lien to secure the bank, yet the validity of the deeds mentioned is not attacked."

The appellees in that case were not asking that they have title to the property clear of indebtedness, but that they be decreed their undivided interests incumbered with the liens which had been placed thereon by Mrs. Wheeler. The court held that the appellees had thereby recognized that their deed to Mrs. Wheeler conveyed the complete legal and equitable title to their interest, thus shutting out the elements of a trust. It will be noted also that the deed from Mrs. Wheeler to the bank and the deed from the bank reconveying the land to Mrs. Wheeler were regular and were not attacked. She, therefore, procured a title from the bank that could not be assailed by the Haralsons in the manner in which they sought to assail it. These conditions distinguish the Haralson Case from the decisions above cited.

■ We do not accede to the contention of appellant in these assignments and propositions and they are, therefore, overruled.

■ A number of appellant's assignments and propositions are based upon her pleading and proof invoking the various statutes of limitation pleaded by her and also laches and stale demand. If an express trust was created and agreed upon between Mrs. Trumbull and Miss Herron at the time the deed of November 2, 1901, was executed, Miss Herron thereafter held the title, not adversely, but under an agreement that she would do so until such time as it became her duty to reconvey it, or a portion of it, to Mrs. Trumbull, her heirs or assigns. If she did not then hold adversely, limitation did not become effective until such time as her possession and tenure could be said to be adverse. The record does not disclose the happening of any event which would have that effect until she executed her last will and testament on the 22d of May, 1934, which was admitted to probate on the 4th of November, 1935. It is not shown that appellee had any notice of the will until the last-mentioned date.

■ The contentions of appellant in this regard are, in our opinion, untenable and are overruled. ·Cole v. Noble, 63 Tex. 432; Carter v. Barnes, Tex.Civ.App., 16 S.W.2d 136, 137; Burch v. McMillin, Tex.Civ.App., 15 S.W.2d 86; Tomahagen v. Sarber, Tex. Civ.App., 29 S.W.2d 438.

Under her third proposition appellant takes the position that, where a parol trust is attempted to be ingrafted upon legal title to land, the proof must be clear, satisfactory, and convincing, and where it fails to measure up to that standard it will be held to be insufficient. Under this head we shall also discuss another of appellant's contentions, viz.: That the trial court erred in overruling her motion for an instructed verdict and her motion for a judgment non obstante veredicto.

Appellee alleged that, when the deed of November 2, 1901, was executed by her mother in which the land in controversy was conveyed to Miss Herron, an agreement and understanding was had between them that Miss Herron would take the title to the land, attempt to remove the cloud that rested upon it, institute a suit for that purpose if necessary, pay all the expenses incurred and, if the land was recovered she would, upon demand of Mrs. Trumbull or her heirs or assigns, reconvey to them one-half of the land. No such provision was contained in the deed, but it was sought by appellee to establish these allegations .and thereby ingraft upon the deed an express trust under which, when she removed the cloud from the title, Miss Herron would be obligated, upon demand, to reconvey the land to the grantor or her heirs or assigns. The only testimony in the record of any probative force which even tends to establish any such agreement was that of Melinda White who said she was 68 years old and had worked for Mrs. Trumbull and Mrs. Dyer, the appellee, as a domestic servant for many years and was still employed by appellee. She said that one day at dinner she heard Mrs. Trumbull tell Miss Herron that she was thinking of giving a lawyer half of the land to fight the case for her as she did not have the money to pay the expenses, meaning, no doubt, such litigation as may be necessary to remove the cloud from the title to the land. She said that Miss Herron told Mrs. Trumbull not to do that; that she (Miss Herron) had the money and would fight the case and win the land and give it back to Mrs. Trumbull. The only other evidence in the record bearing upon the question was the testimony of appellee herself, which was excluded upon exception, and a statement of the attorney who filed and prosecuted the litigation. Appellee testified that: "Miss Herron told me that if I would not make that deal with the lawyer that she would pay the expenses of clearing this land and we would divide what we got out of what was left of what she was able to recover."

■ The statement of the attorney who prosecuted the litigation that was filed to clear the title to the land was that, before the suit was filed about 1904, he received a letter from Miss Herron from which he understood that Mrs. Trumbull was connected with the ownership and that he wrote Miss Herron inquiring of her the nature of such interest. He said that in reply to his letter Miss Herron wrote him to proceed with the suit, and if the land were recovered she and her sister could adjust their interests without any further trouble. The most that can be said of this testimony is that it established the fact that some discussions had been had between Miss Herron and Mrs. Trumbull concerning a cloud upon the title to the land and that Miss Herron had suggested she would pay the expenses of the litigation and such land as may be recovered would be divided between them. We do not find in the record any evidence that such discussions ripened into an agreement between Mrs. Trumbull and Miss Herron, or that Mrs. Trumbull delivered the deed to Miss Herron upon any conditions concerning the litigation that may have been necessary to adjust the title to the land. No witness testified that Mrs. Trumbull said or did anything at the time the deed was executed and delivered that would indicate she was conveying the land to Miss Herron in trust or upon any condition or for any consideration other than that expressed in the deed. Appellee, therefore, utterly failed to establish her contention. The witness, Melinda White, did not pretend to remember even the approximate date upon which she heard the conversation at the dinner table, nor does appellee in her testimony pretend to place the conversation she had with Miss Herron in juxtaposition with the execution of the deed. Her testimony was ruled out upon exception, but, even considering it with all of the other testimony in the record, she failed to establish the case which she had alleged in her pleadings. She assumed the burden of proving that the deed of November 2, 1901,

was not what it purported to be, but was executed by her mother for the purpose of establishing a trust. This was the basis of her case as alleged. All of the conversations and events testified to by her and her witnesses could have happened and still, if it were not shown that at the time of its execution there existed an agreement between Mrs. Trumbull and Miss Herron that the latter was to take the title and hold it in trust, she was not entitled to recover any portion of the land sued for. Having failed to make out her case, the trial court should have instructed the jury to return a verdict in favor of appellant or, not having done so, appellant's motion for a judgment non obstante veredicto should have been sustained. For this error of the court in refusing this relief, the judgment is reversed and, as appellee was not entitled to recover upon the case pleaded by her, judgment will here be rendered that appellee take nothing by her suit.