**CROFT v. CHAPMAN.**

**No. 11162.**

Court of Civil Appeals of Texas. Galveston.

April 24, 1941.

Mandell & Wright, of Houston (Herman Wright and Elias Gatoura, both of Houston, of counsel), for appellant.

T. J. Stovall, of Houston, for appellee.

CODY, Justice.

This suit was brought primarily by plaintiff to impress a trust on certain real property which had been conveyed by Frank J. Poye to defendant upon defendant's promise to convey same to plaintiff. Plaintiff also sought judgment for the title to and possession of said property, and to recover rent thereon in the sum of $1,056. Plaintiff further sought to recover the value of improvements placed thereon in good faith in the sum of $300. Defendant, in addition to a general demurrer, a general denial, and special denials, by cross-action against plaintiff sued in trespass to try title to recover title and possession of the land. The case was submitted to the jury on special issues, and upon their answers the court rendered judgment against plaintiff on his action, and for defendant on his cross-action. And plaintiff has appealed. The parties, however, will be designated herein as plaintiff and defendant.

The property involved in this suit was contracted to be sold by one J. F. Poye, father of Frank J. Poye, to plaintiff by a contract, by the terms of which time seems

to have been made the essence of the contract. It reads as follows:

"State of Texas ⎤ "Receipt of Earnest Money

"County of Harris ⎦ and Agreement for Sale of Land

"Received of Sam Croft the sum of $10.00 as part payment of purchase money on Lots One in Block B of the Poye Subdivision of Outlot Number 154 of the Deer Park Outlots according to the plat of said subdivision recorded in the plat records of Harris County, Texas, which lots I have this day sold to the said Sam Croft his heirs and assigns for the full sum of $310.00 paid and to be paid in the following manner to-wit: The sum of $10.00 in cash and the subsequent payment, on or before the 5th day of each and every succeeding month, of not less than $10.00 per month. All unpaid purchase money shall bear interest at 8% per annum from date until paid and each and every installment shall be credited first to interest as accrued and then to principal.

"When the full sum of the purchase money has been paid and all installments of interest thereon have been paid, I agree to convey the lots herein described to the said Sam Croft by Warranty Deed and by Guaranty Title to said property.

"It is expressly stipulated that the terms and conditions of this agreement shall be subject in entirety to the terms of that certain contract of record in the County records of Harris County, Texas, wherein I, J. F. Poye, have purchased the land herein described together with other lands in the said Outlot 154, from C. E. Bennett, of Houston, Harris County, Texas, and I covenant that I will faithfully perform all terms and requirements of said contract between myself and C. E. Bennett to the full protection of Sam Croft.

"In case the party of the second part should fail to pay any one of said installments, as herein provided or fail to perform any of the covenants herein made by him, this contract, shall, at the option of the party of the first part become forfeited and be null and void; and thereupon all payments made by the party of the second part under this contract, shall be forfeited and the sum of said payments shall be retained by the party of the first part and converted to his own use, as liquidated damages, for the failure of the party of the second part to carry out and perform this contract.

"It is mutually agreed and understood that time in the making of the payments aforesaid is an essential, and is the essence of this contract and if the party of the first part, shall assent or agree to any extension of the time for the making of any payments provided for herein, that said shall not work a waiver of the time conditions covenanted for herein by the said party of the second part.

"All payments called for herein shall be made to J. F. Poye party of the first part, at Shell Cafe, at Deer Park, Texas.

"Witness my hand on this 6th day of Nov., 1929 A. D. 1929

"/s/ J. F. Poye
"Seller
"/s/ Sam Croft
"Buyer

"I hereby accept the contract above written and the terms therein as they are set forth.

"/s/ Sam Croft
"Buyer.

"Witness: M. E. Edwards."

Thereafter, on June 2, 1932, which was after the date when the Bennett mentioned in said contract had conveyed all his interest in the land to J. F. Poye, a settlement or statement of account was had, and it was agreed that there remained due on said contract from plaintiff the sum of $15, which was "to be paid on delivery of deed as per agreement."

It is also undisputed that defendant went into possession of this property as plaintiff's tenant. The jury in answer to special issues found:

1. That J. F. Poye had not forfeited the contract between himself and plaintiff Croft, under the terms of said contract, prior to June 5, 1936.

2. That plaintiff did not tender to J. F. Poye the balance due on said contract between June 21, 1932, and June 5, 1936.

3. That at the time the property was conveyed by F. J. Poye to defendant, H. L. Chapman, a promise was made by the said Chapman to convey the property to plaintiff Sam Croft if the said Croft should pay to Chapman the amount paid by Chapman to F. J. Poye for the said conveyance.

4. That said promise by defendant Chapman was a material inducement to F. J. Poye to convey the property to Chap-

man, and but for which he would not have conveyed it.

5. That Sam Croft never did tender to H. L. Chapman, after June 5, 1936, the amount paid by Chapman to F. J. Poye for the property.

6. That $5 is the reasonable monthly rental value of the property.

7. That the reasonable value of the improvements placed on the property in question by Sam Croft, prior to June 5, 1936, was the sum of $150.

8. That the money paid by Chapman to F. J. Poye for the deed was not the sole inducing cause of the conveyance to him by Poye.

9. That Croft's wife did not tell Chapman, prior to June 5, 1936, that the Crofts had lost the property to Poye.

The property was conveyed to defendant and his wife by Frank J. Poye, by general warranty deed, dated June 5, 1936, for the sum of $23, which the evidence shows represented the unpaid balance of $15 due under the contract of purchase, and interest accumulated thereon.

About a month after defendant acquired his deed, plaintiff, by forcible entry and detainer, undertook to oust him for failure to pay rent, and defendant produced his deed, which was the first that plaintiff knew of such deed. We infer that plaintiff did not then know of the promise of defendant to convey same to plaintiff upon the payment of $23.

■ The case seems to have been tried upon the theory that the only right which Croft acquired under his contract of purchase of November 6, 1929, other than a possessory right which was limited to the period fixed in the contract, was the right to pay the sum stipulated within the time stipulated in the contract, and thus become entitled to a conveyance of the fee. This is a tenable theory even under our law. Galveston Exhibition Ass'n v. Perkins et al., 80 Tex. 62, 15 S.W. 633. But Poye did not have to take advantage of the harsh terms of his contract, and, according to the findings of the jury did not do so. On the contrary, he deeded the property to defendant who was plaintiff's tenant, upon the payment by defendant of the amount due from plaintiff under the aforesaid contract of purchase, and upon the promise of defendant that he would convey the property to plaintiff for the same payment taken by Poye from defendant, the amount due under the contract from plaintiff at the date of the deed from Poye to defendant.

■ Conceding that Poye had the authority under the contract of sale to forfeit all right that plaintiff had under said contract at the time of the date of the deed to defendant, because plaintiff was then in default under said contract of purchase or sale, Poye did not terminate plaintiff's rights in the property. If it is true that the deed from Poye to defendant terminated the contract of purchase, and all rights of plaintiff thereunder, then the promise which Poye exacted of defendant to convey the property to plaintiff created new rights in plaintiff. "Where a grant is made on the faith and because of a promise, a breach of a promise is necessarily a fraud, not to be tolerated in equity although the promise be only verbal. In such cases, where the circumstances are such as to deny the right to a recission, equity will impose a trust upon the property as a means of defeating a fraudulent and wrongful acquisition of the title. In the phrase of Chief Justice Gibson, equity turns the fraudulent procurer of the legal title into a trustee, to get at him. Hoge v. Hoge, 1 Watts (Pa.) [163] 214, 26 Am. Dec. 52." Faville v. Robinson, 111 Tex. 48, 227 S.W. 938, opinion by Chief Justice Phillips.

According to the findings of the jury the defendant obtained a deed from Poye to the property on which plaintiff had paid all of the purchase price except $15, and on which plaintiff had erected improvements worth $150; and obtained it by paying the unpaid purchase money due from plaintiff (and accumulated interest) upon the promise that he would convey the property to plaintiff for the amount which defendant paid Poye, which totalled $23. Under the facts found by the jury a court of equity must turn the defendant "into a trustee, to get at him".

From plaintiff's petition it appears that he has offered to do such equity as the court may decree herein. Equity will require him to fulfill the obligation imposed by Poye to entitle him to a deed from defendant, namely to pay defendant the sum of $23.

Under these conclusions, therefore, it becomes our duty to reverse the judgment of the trial court and to here render judg-

ment in favor of the plaintiff and against the defendant for the title and possession of the land sued for, provided, of course, the plaintiff pays into registry of this Court, i. e., to the Clerk of this Court, within 20 days from this date, the sum of $23, such sum when received by the Clerk of this Court to be in turn paid to the defendant, appellee here, H. L. Chapman, or to his attorney of record for him; further provided that should the plaintiff fail to so pay such sum of $23 as herein provided within the time allowed, the judgment of the trial court will be affirmed. It is accordingly so ordered.

Reversed and rendered provided plaintiff pays, within 20 days, $23 into the registry of this court.

Appellant having tendered into the registry of this Court $23 as required by order of this Court of April 17, 1941, the judgment of the court below will accordingly be reversed and judgment here rendered in favor of appellant, plaintiff below, against appellee, defendant below, for title and possession of the land sued for together with all costs in this cause incurred. It is so ordered.

Reversed and rendered.