**ULMER v. ULMER et al.**

No. 8991.

Court of Civil Appeals of Texas. Austin.

May 7, 1941.

Rehearing Denied May 28, 1941.

H. J. Hendrix, of Houston, for appellant.

Kerr & Gayer, of San Angelo, for appellees.

BAUGH, Justice.

The trial court sustained a general demurrer to plaintiff's petition and rendered judgment for the defendants; hence this appeal.

It is settled law that as against a general demurrer every intendment in support of the petition should be indulged, and all allegations of fact contained therein taken as true. If, when so taken, a recovery is warranted on any of the counts contained in the petition, a general demurrer should not be sustained.

While the petition is lengthy and involved, contains much repetition, reiteration, and legal conclusions, disregarding the matters which might have been subject to special exceptions, it alleges substantially the following facts:

That in 1931 plaintiff, individually and as community administratrix of the estate of herself and her deceased husband, M. B. Ulmer, owned a tract of land in the City of San Angelo, Texas, 50x90 feet, on which was located a brick building, occupied by a laundry, on which she owed three purchase money notes aggregating $3,562.50, owned by R. A. Hall; and one for $1,000 payable to J. T. Davis. That the operators of the laundry on the premises became unable to pay rent, and in 1931 turned the laundry over to plaintiff's son, J. A. Ulmer, and his wife, LaVenia Ulmer, one of the defendants herein, to operate. That in 1934, LaVenia Ulmer acquired title as her separate property to the laundry machinery in the building, and up to and after the death of J. A. Ulmer, in August, 1936, continued to operate the laundry.

That in August, 1932, without knowing it was a deed, and under the representations of J. A. Ulmer, her son, in whom she reposed complete trust and confidence, that it was necessary for him and LaVenia to conduct their laundry business on said premises, she executed a deed, without reading it, conveying said property to her said son, along with other property, for a recited consideration of $4,128.47 in cash, and the assumption by J. A. Ulmer of the payment of the Hall and Davis purchase money notes. That none of the recited cash consideration was paid, said deed was not intended as a conveyance of title, and it was orally agreed and promised by J. A. Ulmer that he and LaVenia were to pay the agreed rental of $100 per month each month on the Hall and Davis notes and to pay, as same accrued, all taxes on the

property. That pursuant to such agreement and understanding J. A. Ulmer and LaVenia Ulmer did, between April, 1931, and October, 1936, make payments aggregating $2,127. But that after LaVenia acquired title to the laundry machinery in 1934, which was encumbered with a purchase money lien for $9,600, she fraudulently, designedly, and by exertion of undue influence over J. A. Ulmer, in his weakened condition, induced him to divert rent payments from the Hall and Davis notes and apply same to the payment of the $9,600 debt against the machinery; to neglect to pay taxes; and to mislead and deceive his mother, plaintiff, and lull her into a sense of security by fraudulent representations and assurances that he was carrying out the trust agreement made with her, keeping the taxes paid up, and discharging as agreed the Hall and Davis notes.

That prior to the death of J. A. Ulmer, LaVenia had induced her brother-in-law, J. J. Perkins, to take over $3,000 of the $9,600 debt against the laundry machinery, and had paid off the remainder, in violation of the trust agreement, with funds to the extent of $6,200 due plaintiff as rents and which should have been paid on her Hall and Davis notes. That all of such breaches of trust and frauds upon plaintiff were committed at the instance of LaVenia Ulmer, were not discovered, and could not in the exercise of reasonable diligence have been discovered, by the plaintiff until December, 1936, because of the full confidence and trust she reposed in her son. That when plaintiff did undertake, after the death of her son, to ascertain the facts, LaVenia Ulmer, at the instance, with the connivance, and on the advice of J. J. Perkins, destroyed all papers, documents, and evidence relating to the various transactions, and refused to give plaintiff any information concerning same.

That after the death of J. A. Ulmer, LaVenia continued to occupy the premises, without payment of any rent, and to conduct a laundry business thereon for a period of 14 months. That as soon as plaintiff learned the facts, she filed in the office of the County Clerk of Tom Green County her notice of statutory lien for past due rents up to December 31, 1936, less credits allowed, aggregating $5,473.

That LaVenia Ulmer, in furtherance of fraudulent acts theretofore perpetrated, conspired with J. J. Perkins and induced him to purchase the Hall and Davis notes, and a note for $675 executed by J. A. Ulmer and plaintiff to a San Angelo bank and secured by a mortgage on said property, given by J. A. Ulmer without the knowledge of plaintiff; to take advantage of plaintiff's aged, enfeebled, and penurious condition, and used same as weapons under threats of foreclosure, to compel appellant through such fraud and duress to release her landlord's lien for past due rents, and to convey to him said property in satisfaction of the notes he had acquired against it. Her deed, wherein she was joined by all the heirs of her deceased husband, to J. J. Perkins was attached to her petition as an exhibit, and recites, in addition to the cancellation of all of said notes, the payment to plaintiff of $3,000 cash and the assumption by Perkins of all taxes due, amounting to approximately $1,500.

We find no allegations as to the value of the property. Tender back of the $3,000 paid by Perkins was made by offer to credit it on the amounts found by the court to be due plaintiff. She prayed for cancellation, on the grounds of fraud, duress, and breach of trust, of both deeds above described, recovery of the property, and for damages. And, in the alternative, that the defendants be declared to be trustees of said property for her use and benefit to the extent of her funds that were wrongfully used to pay for the laundry machinery instead of payment of debts against the property; that same be impressed with a trust to that extent and for damages.

We have concluded that the trial court erred in sustaining a general demurrer to plaintiff's petition. It is clear that a mere action in trespass to try title was not the only cause of action asserted, nor recovery of the property itself the only relief sought. On the contrary, the plaintiff sought to cancel the deed to her son and a later deed to Perkins, on the grounds that same were procured through misrepresentation, fraud and duress, to her injury, for which she had no adequate remedy at law. In addition, or in the alternative, she sought to impress the properties involved, that is, both the land and the laundry machinery, with a constructive trust.

If the facts alleged were true, and as against a general demurrer they must be so taken, the land conveyed by plaintiff to

J. A. Ulmer in 1932 clearly became impressed with a constructive trust, under his parole agreement with plaintiff and his breach thereof. Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; Redwine v. Coleman, Tex.Civ.App., 71 S.W.2d 921; Tieman v. Dyer, Tex.Civ.App., 114 S.W.2d 669, 671; 42 Tex.Jur. §§ 49 and 50, pp. 654 and 655.

■ Nor does the coverture of LaVenia Ulmer from 1932 to the death of her husband, J. A. Ulmer, in 1936 afford her any defense. Under the allegations she knew of the trust agreement and that the property was impressed with it under the deed to J. A. Ulmer. She acquired by inheritance from him no greater interest in it than he had. Not only so, but she was alleged to have inspired, encouraged, and induced the fraudulent breach by her husband of his agreement with his mother; to have profited by it in paying debts against her separate property; to have fraudulently repudiated the trust and to have perpetuated a continuation of the fraud and malfeasances against the plaintiff after the death of J. A. Ulmer, after she became sui juris; to have retained all the benefits of her husband's wrongful conduct during his lifetime; and to have enlisted the aid of Perkins, not only to retain the fruits of prior wrongdoing, but, through procuring the aid of Perkins in her behalf, to secure, through duress and overreaching, other benefits and advantages over plaintiff.

■ Under the allegations, therefore, having dealt with the property known to be impressed with such trust, and having fraudulently acted together in furtherance of a continued breach thereof, and the exertion of duress upon plaintiff, if such allegations are true, both LaVenia Ulmer and Perkins became participants in the breach thereof and liable for the consequences of their misconduct. Wichita Royalty Co. v. City Nat. Bank, 127 Tex. 158, 89 S.W.2d 394, 93 S.W.2d 143; 42 Tex.Jur. § 51, p. 656, and cases cited thereunder.

■ ■ Nor do we think the petition was fatally defective for failure to specifically allege that the property involved was of greater value than the amount recited to have been paid and assumed to be paid by Perkins in the conveyance thereof to him by plaintiff, and that he was enriched by such conveyance. Under the allegations he could not be deemed to have been an innocent purchaser for value of the Hall and Davis notes, and the note due the bank. If he knew, as alleged, of the fraudulent breach of trust, participated in it, and that moneys due plaintiff which should have been applied toward the payment of these notes had been wrongfully used to pay the debts against the laundry machinery on which he also had a lien, he was in no better position to assert them against the plaintiff than LaVenia Ulmer was. All these matters, adjustment of whatever rights and equities of the respective parties may have had, were, of course, dependent upon the proof; and the court had the power, under the allegations made, to determine and adjust these equities as the facts proven might warrant.

■ As above stated, plaintiff's suit is not solely one in trespass to try title, nor merely for rescission and damages. Consequently, the essential elements required to be pleaded and proved to warrant a recovery of damages in cases of exchange of properties are not here controlling, as urged by appellees. See George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann.Cas. 456; Baden v. Deragowski, Tex.Civ.App., 7 S. W.2d 123; Art. 4004, R.C.S.1925. Plaintiff's suit was primarily to impress a constructive trust upon the property conveyed to the extent of the moneys due her in lieu of rents, which, under the trust agreement with J. A. Ulmer, should have been applied to the discharge of debts against the property, but which were fraudulently applied by J. A. Ulmer during his lifetime, and after his death by LaVenia Ulmer with the connivance of Perkins, to the discharge of other debts for which plaintiff was in no way liable. These sums were specifically and sufficiently alleged to warrant, if the proof sustained the allegations, the relief sought on this count in the petition, even if the other counts be disregarded. When plaintiff in her pleadings tendered all benefits she had received, to be credited and allowed on what she had wrongfully, fraudulently, and in breach of the trust agreement, been deprived and entitled to recover, as against a general demurrer she sufficiently offered to do equity to entitle her to equitable relief against fraud. Home Investment Co. v. Strange, 109 Tex. 342, 195 S.W. 849, 204 S.W. 314, 207 S.W. 307.

■ Nor was plaintiff precluded from attacking her deed to Perkins, made after she had, in 1936, discovered the fraud and

breach of trust by the trustee, if, as alleged, the facts and circumstances inducing the execution of the second deed in themselves amounted to fraud, overreaching, and duress. Sufficient facts were alleged to raise this issue, and its determination would of course depend upon the proof. 15 Tex. Jur. § 7, p. 764.

While, as stated, the petition is prolix, contains much repetition and many legal conclusions, it did contain sufficient allegations of fact, as against a general demurrer, to entitle plaintiff to a trial upon her pleadings.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.