## SPEIGHTS v. DEON et ux.

### No. 2461.

Court of Civil Appeals of Texas. Eastland.

Sept. 22, 1944.

Rehearing Denied Oct. 20, 1944.

Homer E. Stephenson, of Orange, for appellant.

J. T. Adams and W. P. Sexton, both of Orange, for appellees.

GRISSOM, Justice.

Alex Deon and wife, Cora, instituted this suit against Henry Speights for the purpose of engrafting a parol trust on a deed. In 1926 plaintiffs executed a general warranty deed to a lot to Walter and Dora Nichols. Dora was the sister of Cora Deon. The deed recited a consideration of $360 paid. Plaintiffs alleged that when the deed was executed there was an agreement between the grantors and grantees therein that the grantees should occupy the lot conveyed and the house situated thereon so long as either of them should live, but that the conveyance to said grantees was in trust for the benefit of the grantors and to be held by the grantees "only so long as said Dora * * * and Walter Nichols lived * * *." Plaintiffs alleged that Dora died in 1943, and that her husband, Walter Nichols, died prior thereto; that after Walter's death Dora Nichols married the defendant, Henry Speights. Plaintiffs further alleged that in 1941 Dora Speights and the defendant, Henry Speights, executed a deed to said property to George Gilbert; that Gilbert immediately thereafter executed a deed to said property to Dora Speights and the defendant; that the purpose of said two deeds last mentioned was to avoid the effect of the agreement of the Nichols to hold the property in trust for plaintiffs.

■ In Texas there are two essentials for the creation of such a valid parol trust: First, that a person having title conveys, or contracts in writing to convey, title to another, second, that the person to whom the title is conveyed agrees before or at the time the title is acquired to take or hold title for the benefit of the grantor or another. Jones v. Siler, 129 Tex. 18, 24, 100 S.W.2d 352. We shall assume that plaintiffs made out a case which would have justified findings of the jury that would have had the legal effect of impressing a parol trust upon the real estate conveyed by plaintiffs to the Nichols. Robinson v. Faville, Tex.Civ.App., 213 S.W. 316, 319; Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; Sparks v. Mince, Tex.Civ.App., 138 S.W.2d 203. See also 21 Texas Law Review 738.

However, the controlling question is whether the evidence showed conclusively that the land was held in trust by the grantees for the benefit of the grantors, so as to

authorize the court's action in instructing a verdict for plaintiffs. There was in evidence the deed from plaintiffs to Dora and Walter Nichols, reciting a consideration of $360 paid, which purports to convey a fee simple title. There was also evidence of tax renditions by both plaintiffs which did not contain the property in question. There were discrepancies in the testimony of plaintiffs and their witnesses. There was a deed from Dora and Henry Speights to George Gilbert. There were some matters left indefinite and uncertain that were apparently within the knowledge of plaintiffs' eminent counsel, who did not testify. The grantees were dead. Plaintiffs' case depended entirely upon parol testimony of a somewhat indefinite verbal agreement made 17 years before the suit was tried.

In Anglin v. Cisco Mortg. Loan Co., 135 Tex. 188, 141 S.W.2d 935, 938, our Supreme Court said: "In determining in any case whether or not error has been committed by a trial court in instructing a verdict, the testimony must be considered in the light most favorable to the losing party. Conflicts in the testimony must be disregarded, and every intendment reasonably deducible from the evidence must be indulged in favor of such party and against the verdict. Charles v. El Paso Elec. Co., Tex.Com.App., 254 S.W. 1094; Keely v. Carpenter, Tex.Civ.App., 67 S.W.2d 328, writ of error dismissed; 3 Tex.Jur., pp. 1049, 1051."

In Clayton v. Ancell, 140 Tex. 441, 447, 168 S.W.2d 230, 232, Judge Hickman said: "The Court of Civil Appeals [159 S.W.2d 962] correctly states: 'It is settled in Texas that the presumption of law is that a deed conveys the property therein described to the grantee named in the deed and that he is the owner thereof. To overcome this presumption and engraft a parol trust on a deed the party asserting such trust has the burden of showing the parol trust by clear, satisfactory and convincing proof thereof. Jones et al. v. Siler et al., 129 Tex. 18, 100 S.W.2d 352, 355, and authorities cited.'"

In King v. Gilleland, 60 Tex. 271, the Supreme Court said: "Perhaps there is no fact which * * * is required to be so satisfactorily proved as that which engrafts a parol trust upon the legal title." See also 42 Tex.Jur. 686, 691; Wallis v. Wood, Tex. Sup., 7 S.W. 852, 856; 35 A.L.R. 285;

Carlson v. Smith, 213 Iowa 231, 236 N.W. 387, 80 A.L.R. 195.

After carefully reviewing the record, we have concluded that the court erred in instructing a verdict. We have considered defendants' (appellants') remaining points. They are deemed without merit and overruled.

The judgment is reversed and the cause remanded.