**E. A. BURGESS et ux., Appellants,**

**v.** √

**Carmaleita Carroll BURGESS, Appellee.**

**No. 3264.**

Court of Civil Appeals of Texas.

Waco.

July 25, 1955.

Rehearing Denied Sept. 29, 1955.

Wm. Andress, Jr., Dallas, for appellants.

Shields & Whittington, Dallas, for appellee.

TIREY, Justice.

This cause of action is in the nature of a suit in trespass to try title. Plaintiff further pleaded that she and Cortis E. Burgess purchased the property on January 30, 1941, and that prior to the purchase she gave Cortis E. Burgess the sum of $7.95 as her portion of the down payment to be applied on the purchase price of the property pursuant to her agreement with the purchaser that such property was being purchased by her and said Cortis E. Burgess in contemplation of their marriage and as their joint property, each of them to have and hold an undivided one-half interest therein, and that subsequent to the purchase thereof she intermarried with Cortis E. Burgess, and that the balance of the purchase price was paid out of their community funds, and that by virtue thereof a trust was created in her favor for an undivided one-half interest in the property, and she asked to have such interest established and for a partition of the property. She further alleged certain fraudulent acts on the part of said Cortis E. Burgess, entered into by him and his father, E. A. Burgess, whereby they sought to defeat her interest in the property.

Appellants E. A. Burgess and wife, Frances Burgess, went to trial on their first amended original answer, which contained certain exceptions and a general denial and a special plea to the effect that plaintiff was guilty of laches in having permitted Cortis E. Burgess to hold the apparent legal title to the property in his own name, claiming it as his own as of January 30, 1941, to the date of the filing of the petition, and they further pleaded the 2, 3, 4 and 5 year statute of limitations. Vernon's Ann. Civ.St. arts. 5526, 5507, 5529, 5509. Cortis E. Burgess, who was made a party defendant, filed plea of disclaimer. The court overruled each of the special exceptions filed by defendants to the plaintiff's amended pleading, and at the conclusion of the evidence overruled defendants' motion for instructed verdict, and the jury in its verdict found substantially: (1) that appellee and Cortis E. Burgess orally agreed to purchase the property in question as their property

with each to have an undivided one-half interest in the same; and (2 and 3) that appellee paid the sum of $7.95 to Tom King for the joint purchase of the property. The court overruled defendants' motion for judgment non obstante veredicto and granted plaintiff's motion for judgment, and in the decree we find substantially the following recitals: The court having heard and considered plaintiff's motion for judgment and having made "* * * additional considerations and findings as were authorized by law, and being of the opinion that the following judgment should be rendered" decreed that plaintiff recover jointly from E. A. Burgess and wife, Frances Burgess, and Cortis E. Burgess the title and possession to an undivided one-half interest in the property in suit and described it by metes and bounds, and further found and decreed that she recover from the said E. A. Burgess and Frances Burgess and Cortis E. Burgess the sum of $2,520, and that such sum be fixed as a lien upon the interest of the defendants in and to the above property. The decree further provided that plaintiff recover one-half of the net rental value of such property, being by stipulation between the parties the sum of $60 per month, from July 17, 1954, until her interest in said property is made available to her by legal processes of the court, and the decree further provided that the interest of plaintiff and defendants is incapable of a division in kind and that plaintiff is entitled to a partition of her interest, including the appointment of a receiver to take possession of the property, collect the rents and hold the same under the decree of the court in order to enforce the terms of the decree. The decree further awarded plaintiff all costs.

The judgment entered is assailed on seven points. They are substantially: (1) Plaintiff had the burden of showing that defendants' title was derived from the common source which she pleaded as her basis of recovery and upon her failure to introduce instruments evidencing defendants' title, she was not entitled to recover; (2) since the property was acquired by Cortis E. Burgess before his marriage to plaintiff

and the status of the property was fixed at the time of its acquisition as his separate property, and any subsequent expenditures thereon out of the community funds after his marriage to plaintiff gave only the community an equity of reimbursement, which is not sought in this action; (3) since a definite agreement to acquire title jointly is a requisite of a constructive trust, along with the joint investment of funds, where there is no evidence of any such definite agreement, and an investment of only $7.95 out of the total investment of $250, equity will not justify a chancellor in overriding the Statute of Frauds against mesne grantees without notice; (4) Art. 3726, Vernon's Ann.Civ.St. is mandatory and without compliance with such statute, county records and certified copies were not admissible to show any title in plaintiff or defendants; (5) after Cortis E. Burgess filed his disclaimer, he was no longer a party defendant to the suit and when he was called as a witness by plaintiff, she was bound by his testimony, and his statements outside of the presence of defendants were hearsay and inadmissible as to them; (6) requests for admissions were improperly allowed as admitted by defendants, when the request as served did not comply with the rules but demanded an answer within ten days; (7) since plaintiff claimed only a one-half interest in the property, she and appellants were tenants in common, and the appellants in possession were not liable to her for rents until she demanded and was refused the right to joint occupancy.

Testimony was tendered to the effect that on January 30, 1941, Cortis E. Burgess and Carmaleita Burgess agreed to purchase the property in question as their joint property, at which time Carmaleita Burgess advanced $7.95 of the purchase price, the balance of the down payment of $250 being borrowed by Cortis Burgess from his father, E. A. Burgess; that appellants E. A. Burgess and wife moved into one side of the duplex shortly after Cortis Burgess acquired the property; that on March 21, 1941 Cortis Burgess and Carmaleita Richardson were married and that from March 1941 to September 1950 Cortis E. Burgess and Carmaleita Burgess collected rents, paid the taxes, paid the notes on the property, paid insurance, reported income from the property on their income tax reports, and in 1949 rendered such property as their homestead; that from 1941 to November 1950 E. A. Burgess and wife lived in one side of the duplex without paying rent but asserted no claim to the property but E. A. Burgess made one payment on the property in 1949, and at the time he made the payment he stated, "This is on my son's place;" that E. A. Burgess did not pay any taxes and did not report any income from the property, nor did he take any depreciation on income tax returns; that in September 1950 Cortis Burgess and Carmaleita Burgess separated and a divorce suit was filed; in October 1950 Cortis Burgess lived with his father and mother in the property and reported interest in sworn inventory and did not show any claim to the property by E. A. Burgess and wife; on November 27, 1950 Carmaleita Burgess was ejected from the property by E. A. Burgess in the presence of Cortis and he claimed title to the property for the first time against Carmaleita and Cortis Burgess; that on December 8, 1950 E. A. Burgess filed deed purported to have been executed and delivered in 1941, but admitted that he never told Carmaleita about this instrument; in January 1951 E. A. Burgess filed trespass to try title suit against Carmaleita and Cortis Burgess, while Cortis was still living in the same apartment, and claimed adverse possession, and claimed that Cortis held title in trust for him since 1941; that E. A. Burgess claimed he bought the property and received the deed in 1941, and Cortis Burgess said that he had had no interest in the property since 1941.

◼ We think the evidence tendered and the findings of the jury bring this cause within the rule announced by our Supreme Court in Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Faville v. Robinson, 111 Tex. 48, 227 S.W. 938 and Naumovich v. Reese, Tex.Civ.App., 247 S.W.2d 417 (no writ history). Going back to the rule stated by the Supreme Court in Binford v. Snyder, supra, we find [144 Tex. 134, 189 S.W.2d

472]: " 'It is a well settled general rule that if one person obtains the legal title to property, not only by fraud, or by violation of confidence of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner.' " We have no doubt that at the time Cortis and Carmaleita Burgess entered into the verbal agreement to purchase the property in question for their joint account that each of them was acting in good faith and under the testimony tendered and the findings of the jury, Cortis Burgess did not take title to the property in question subsequent to the oral agreement free and clear of the trust interest of Carmaleita Burgess to the extent of one-half. It is our view that the action of Cortis and Carmaleita Burgess on January 20, 1941, at which time they agreed jointly to purchase the property in question and made a joint contribution at that time for its purchase, created an undivided one-half trust interest in her favor. We are of the further view that the payment of the balance of the purchase money indebtedness on the property by Cortis and Carmaleita Burgess after the marriage did not operate to terminate the previously existing trust which arose January 30, 1941, prior to their marriage on March 21, 1941, nor did such payment restrict the trust interest of Carmaleita Burgess to a right of community reimbursement. We are of the further view that her one-half undivided interest held in trust by Cortis Burgess was subject only to its pro rata portion of the total indebtedness incurred upon the purchase of the property in question. We have re-examined the opinion of the Supreme Court in Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328 and each of the cases cited by Justice Critz in this very excellent opinion, and it is our view that the application of the rule here under the authority of Binford v. Snyder, supra, is not in conflict with the rule and the application made to the factual situation in Colden v. Alexander, supra, and the cases there cited. In Welder v. Lambert, 91 Tex. 510, 44 S.W. 281, at page 284 we find this statement: "The inquiry still remains, is the status of the property to be determined by the acquisition of the final title or by the origin of the title? * * * After quoting Pothier, to the effect that the individual acquisitions of the spouses are community property only when the title or cause of the acquisition has not preceded the marriage * * *." In Creamer v. Briscoe, 101 Tex. 490, 109 S.W. 911, 913, 17 L.R.A.,N.S., 154, we find this statement: "Certainly they have rights of property in the land, and this is enough to make applicable the principle, laid down in Welder v. Lambert, that the status of title, as belonging to one estate or the other, is determined by the status of the original right, subsequently matured into full title." Applying the statements here made to the factual situation tendered by the evidence and the findings of the jury, we have the original oral agreement entered into between Carmaleita and Cortis Burgess and this agreement subsequently matured into a full title when the deed passed into Cortis Burgess according to the oral agreement. We do not think our views here expressed are in any wise in conflict with the views expressed in Walker v. Simons, Tex.Civ.App., 243 S.W.2d 600 (n. r. e.) and the cases there collated. Nor do we think the views here expressed are in conflict with the opinion of our Supreme Court in John Hancock Mutual Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791, and the cases there cited.

We have carefully considered each of the seven points urged by appellants in their brief and it is our view that each one is without merit and each is overruled.

Accordingly, the judgment of the trial court is in all things affirmed.