Josie V. Daniel BROUSSARD, Appellant,

v.

M. J. TIAN et al., Appellees.

No. 3369.

Court of Civil Appeals of Texas. Waco.

April 12, 1956.

Rehearing Denied May 17, 1956.

Fred C. Reeder, Corpus Christi, T. E. Richards, Jr., Houston, F. B. Kimbell, Groesbeck, for appellant.

Dodson & Reagan, Marlin, M. E. Gates, Huntsville, Lewis M. Seay, Groesbeck, for appellees.

TIREY, Justice.

Appellant, plaintiff below, brought this suit against M. J. Tian, her former husband; Milton S. Burney and wife, Ida A. Burney; and Martha Inez James (who is a cross-plaintiff) to recover an undivided one-half interest in 520.5 acres of land in Limestone County, Texas. The trial was to a jury and the parties stipulated substantially as follows: That the Federal Land Bank of Houston, a corporation, is the common source of title; that appellant, on the 3rd of September, 1935, intermarried with appellee, M. J. Tian, and that they were divorced by decree entered in the District Court of Harris County on the 20th of September, 1941; that on the 24th of July, 1939, and while appellant was the legal wife of Tian, the Federal Land Bank of Houston executed and delivered to Tian a deed to the land in question and that as part of the consideration for the deed Tian executed and delivered to the bank a vendor's lien note in the principal sum of $1,600; that this note was secured by deed of trust executed solely by Tian, such note and lien securing the same, being the balance due and owing for the purchase price of said land; that on the 26th of April, 1944, Tian executed and delivered to defendant Burney a deed to all of the surface rights to the lands in controversy but reserved from said deed or conveyance all of the oil, gas and other minerals in the land, and that on the date of the execution of the deed there remained an unpaid balance of $1,036.05 on the $1,600 note aforesaid; that on the 28th of June, 1949 the Federal Land Bank executed a release of the vendor's lien and deed of trust lien which it held to secure the $1,600 note; that the total consideration for the deed from the bank to Tian was $2,080, and that of that sum $480 was paid in cash by Tian contemporaneously with the execution and delivery of the deed; that Tian, prior to his marriage to appellant, had acquired title to a tract of 220 acres of land in Galveston County, and on the 14th of June, 1939 he executed and delivered an oil and gas lease on the tract, for which he obtained a cash bonus of $11,000, and it also provided that he was to retain a $\frac{1}{8}$th royalty; that the cash payment of $480 Tian made to the bank was paid out of the $11,000 cash bonus that Tian received from the oil and gas lease on his separate property; that out of the $11,000 cash bonus aforesaid Tian also made payment to the Federal Land Bank on the $1,600 note as follows: Dec. 1, 1939, $155.43; Dec. 1, 1940, $207.21; Dec. 1, 1941, $207.21; Dec. 1, 1942, $207.21; Dec. 1, 1943, $207.21; that the defendants Burney do not claim any title or interest whatsoever in and to the oil and gas or other minerals in the land; that defendant Martha Inez James does not claim any interest in the oil, gas or other minerals in the land.

The court submitted one issue to the jury: "Do you find from a preponderance of the evidence at the time the deed from the Federal Land Bank to M. J. Tian was executed that it was agreed and understood between

the Federal Land Bank and M. J. Tian that the $1,600.00 note provided for in said deed would be paid out of the separate property of M. J. Tian?", to which the jury answered "Yes". There was no request for any other issues to be submitted.

Appellant seasonably objected to the court's charge and after the verdict was rendered seasonably filed her motion for judgment non obstante veredicto, which motion the court overruled, and granted defendant's motion for judgment, and in the decree we find this recital: "* * * and the court, after considering said findings of the jury and other undisputed proof and stipulated facts, is of the opinion and finds that plaintiff should take nothing against M. J. Tian, Milton S. Burney and Ida A. Burney" and decreed accordingly. And the court further decreed that Martha Inez James was not entitled to recover anything on her cross-action against M. J. Tian and the Burneys. Only Josie V. Daniel Broussard has perfected her appeal.

Appellant assails the judgment on what she designates as fifteen points. They are substantially: (1, 3 and 4) the court erred in submitting Special Issue No. 1 on the ground that there is no evidence to support such issue, nor was there any pleading to support the same, because plaintiff objected in writing to such testimony because the evidence affirmatively showed that neither Johnson nor Rosenshaw had authority from the bank to enter into any such agreement; (2) the court erred in admitting the testimony of Tian relating to any oral agreement that he may have had with Vick Johnson or Rosenshaw as agents of the bank on the ground that there was no pleading alleging any such agreement, and further because it was not shown that Johnson or Rosenshaw had any authority to make any agreement with Tian in behalf of the bank; (6) the court erred in submitting Special Issue No. 1 to the jury because plaintiff objected in writing to proof of a prior or contemporaneous oral agreement wherein Tian attempted to add to or detract from the terms of the written contract between him and the bank, and the 5th point is to the same effect; (7) the court erred in admitting testimony of Tian relating to any oral agreement between him and the land bank to the effect that the $1,600 note would be paid out of his separate property; (8) the court erred in submitting Special Issue No. 1 because appellant objected in writing that the contract for the conveyance of land is required by the Statute of Frauds to be in writing; (9) the court erred in admitting testimony of Tian relating to any oral agreement between him and the bank, acting by and through Johnson and Rosenshaw as the bank's agents, to the effect that the $1,600 note would be paid out of the separate property of Tian because the contract by a corporation for the conveyance of land must be in writing and signed by the president of the corporation; (10) the court erred in admitting that part of the judgment entered in Cause No. 11472–A in the District Court, 77th Judicial District, Limestone County, styled M. J. Tian vs F. M. James, reading as follows: "The court finds from the evidence that plaintiff (M. J. Tian) was at the time of filing his original petition in said cause, the owner in fee simple of all the oil, gas and other minerals in, upon or under the following tracts of land fully set out and described in plaintiff's original petition filed in this cause, which land is described as follows: (here follows description of land involved in the present suit) because appellant was not a party to the cause of action wherein said judgment was entered, and by reason thereof said judgment is not binding upon her;" (11) the court erred in admitting testimony of the conditional sales contract between Tian and James reading as follows: "* * * that first party (M. J. Tian) represents that this is his separate property and will convey to second party (F. M. James) full fee title to such property * * * This property was purchased with separate and individual money obtained by leasing land owned by Mr. Tian before Mr. Tian was married."; that the foregoing statements are conclusions of law and that the plaintiff, not being a party to same, said contract was and is not binding on her for any purpose, and that the statements and recitations quoted are self-serving declarations of the defendant Tian; (12) the court erred

in rendering judgment for Tian and the Burneys for the reason that the verdict of the jury is contrary to the undisputed evidence; (13) the court erred in rendering judgment in favor of Tian and the Burneys as against this appellant on the verdict of the jury because the verdict is not supported by sufficient evidence; (14) the court erred in overruling motion for instructed verdict against Tian and the Burneys; and (15) the court erred in overruling plaintiff's motion for judgment non obstante veredicto.

It is our view that under the stipulations made by the parties and the verdict of the jury that this case is ruled by the pronouncements of our Supreme Court in Solether v. Trinity Fire Ins. Co., 124 Tex. 363, 78 S.W.2d 180, 182, (Com.App., opinion adopted) and Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881, 884. Going back to the Solether case, we find this statement:

"It is settled by the statutes and decisions of this state that property acquired by purchase during marriage, whether the conveyance be in the name of the husband or in the name of the wife, or in the names of both, is prima facie community property. * * * This presumption can be rebutted by satisfactory proof, except as to bona fide purchasers and contract lien creditors without notice. * * * Such presumption is rebutted as to the wife when it is established that the property was paid for out of her separate estate. * * * Before the portion of the title represented by notes can be held to belong to the separate estate of the wife, it must be shown 'that it was agreed at the time by the parties to the deed that the land should be her separate property and that the balance of the purchase money should be paid out of her separate funds.'" (Citing Foster v. Christensen, 67 S.W.2d 246, Com.App., opinion approved.)

Going back to the case of Gleich v. Bongio, supra, our Supreme Court, in discussing Foster v. Christensen, said:

"* * * Judge Smedley clearly expressed the true rule in this language:

"'The land, of course, presumptively became the community property of Mr. and Mrs. Newgent when it was conveyed to them jointly with no recital of her separate ownership; but her ownership of the land as her separate property would have been established by proof of the allegations in the answer that the cash payment was made out of her separate funds and that it was agreed at the time by the parties to the deed that the land should be her separate property and that the balance of the purchase money should be paid out of her separate funds.'

"In the case of Solether v. Trinity Fire Insurance Co. * * * Judge (now Justice) Critz quoted with approval from Judge Smedley's opinion and reannounced the holding made therein. The mere intention of the husband and wife cannot convert property purchased with an obligation binding upon the community into the separate estate of either spouse. To accomplish that purchase the vendor must have agreed with the vendee to look only to his or her separate estate for the satisfaction of the deferred payments."

Appellant went to trial on her first amended original petition. The effect of this pleading was to allege that by reason of the time and manner of the purchase of the land by appellee Tian, plus the fact that she was the lawful wife of Tian at the time he purchased the property, she acquired an undivided one-half interest in the land. She did not allege that Tian was guilty of any fraud or concealment in the purchase of the property or payments made thereon, nor did she allege that the property became a homestead. Appellee Tian went to trial on his original answer. This answer consisted of certain admissions showing the date of his marriage to the appellant, the date he acquired the property in question, how he paid for same, and the date he was divorced, and he alleged specifically that the consideration was paid out of moneys derived from his separate estate, and in addition thereto specifically pleaded "that the

entire consideration paid for the land described in plaintiff's original petition * * was paid for with the separate funds owned by the defendant prior to his marriage with and to said Josie V. Broussard, and was therefore paid for with his separate estate, and said property when purchased aforesaid and at the present time is the separate estate of the defendant." He further pleaded: "The defendant denies all the allegations in plaintiff's petition contained, except such allegations as hereinbefore admitted to be true."

On trial evidence was tendered to the effect that Tian made an oral agreement with the agents representing the Federal Land Bank to the effect that he was buying said property with money that he had received from his separate estate and that the bank was to be paid the balance of the purchase price with money received by Tian out of his separate estate, so the vital question here before us is: Did the trial court err in permitting testimony of Tian with the agents representing the land bank concerning the oral negotiations that took place before the deal was consummated? Our view is that he did not.

First of all, Rule 92, T.R.C.P. provides: "A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue. Where the defendant has pleaded a general denial, and the plaintiff shall afterward amend his pleading, such original denial shall be presumed to extend to all matters subsequently set up by the plaintiff."

■■■ Needless to say, appellant's pleading contained no allegation that required it to be denied under oath. Since the appellant pleaded that the property was the community property of herself and Tian, and since appellant's pleading was not such a plea that was required to be denied under oath, it is our view that Tian's general denial put in issue every fact which was necessary for him to show that the property was not community property of himself and appellant. We are of the further view that the allegations in Tian's pleading are suffi-

cient to put in issue that the property was Tian's separate property and that it was purchased with such intention. In this connection we think it is pertinent to observe here that the appellant filed no reply to the original answer filed by Tian and did not point out by exception any insufficiency of the pleading, and absent such exception, Tian's answer was entitled to be liberally construed in his favor. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50. Moreover, our "courts have been liberal in permitting proof as to the nature and source of property and its ownership in suits between a husband and wife." See Cone v. Cone, Tex. Civ.App., 266 S.W.2d 480, 483, points 8 and 9 (writ dis.), and authorities there cited. See also Rule 90, T.R.C.P.

■■■ Now bearing in mind that appellant did not plead fraud or bad faith as to the transaction in question, and that the evidence is without dispute that all of the payments made by Tian on the property during coverture were paid in cash out of his separate estate, and that when he sold the property the purchaser paid the balance of the unpaid part of the $1,600 note, we think it affirmatively and indisputably appears that no part of the community property or estate belonging to appellant and Tian was used in the payment of the consideration for the land. There is not a scintilla of evidence that Tian at the time he purchased the property was acting in bad faith, but on the contrary the record shows without dispute that he and appellant had been separated for some time, although not divorced, and Tian made his payments on the property in question out of his separate estate just as he had promised the agents of the bank he would do, and by reason thereof appellant did not acquire any community interest therein, equitably or otherwise. We think our view here is not in conflict with the rule announced in Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471; Faville v. Robinson, 111 Tex. 48, 227 S.W. 938; Naumovich v. Reese, Tex.Civ.App., 247 S.W.2d 417 (no writ history); Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328; Welder v. Lambert,.

91 Tex. 510, 44 S.W. 281; Walker v. Simons, Tex.Civ.App., 243 S.W.2d 600 (n.r.e.); Burgess v. Burgess, Tex.Civ.App., 282 S.W. 2d 118 (n.r.e.).

 Under the decisions here cited, we are of the view that the oral testimony tendered as to negotiations between Tian and the representatives of the bank was admissible, and appellant was in no position to challenge the authority of the representatives of the bank. The record is without dispute that Tian had his negotiations in the offices of the bank, and whether the agents negotiating with Tian had authority to bind the bank at the time passes out of the case because the bank accepted the benefits of their negotiations and proceeded to close the trade with Tian, just as Tian detailed the facts and circumstances relating thereto, ·and Tian proceeded to carry out the details of his trade with the bank just as he promised the agents negotiating for the bank. Certainly Tian was entitled to make a full disclosure of all the transactions he had with the bank leading up to the closing of the transaction, and since his testimony relating to these oral negotiations did not in anywise vary the terms of the contract that he made with the bank, the objections made to Tian's testimony are without merit and the trial court properly admitted the evidence. Moreover, it is also well settled that evidence reasonably satisfactory to the jury is sufficient to overcome the presumption carried by the deed that the land is community property. See Mitchell v. Mitchell, 84 Tex. 303, 19 S.W. 477. See also Johnson v. Burford, 39 Tex. 242.

Because of the views here expressed the court did not err in overruling appellant's motion for instructed verdict, nor her motion for judgment non obstante veredicto. We are of the further view that each and all of the other remaining points of appellant pass out of the case, and further discussion would be of no avail. In the event we are mistaken in our views in this behalf, each of appellant's points is overruled.

Accordingly, the judgment of the trial court is affirmed.