**HURST et ux. v. WEBSTER.**
No. 15379.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 31, 1952.

Rehearing Denied Nov. 28, 1952.

Wilson & Wilson, H. B. Penix, and Ralph P. Mathis, Wichita Falls, for appellants.

Nelson & Sherrod, Wichita Falls, for appellee.

HALL, Chief Justice.

This trespass to try title suit was filed by appellants, R. L. Hurst et ux. against appellee, Marguerite Webster, widow of a deceased half brother of appellant R. L. Hurst, to recover title and possession of 1.44 acres of land situated in Wichita County, Texas, of which appellee and her late husband had been in possession of a part for over nine years.

Trial was to a jury, and judgment was rendered in accordance with jury findings, as follows:

"* * * It is further ordered, adjudged, and decreed by the court that the plaintiffs, R. L. Hurst and wife, Catherine Hurst, recover of and from the defendant, Marguerite Webster, the title to the First Tract above described (the land involved herein), provided, however, that no writ of possession shall be issued for a term of one (1) year after the date of this judgment if no appeal be perfected by the plaintiffs herein, and if appeal be perfected by the plaintiffs herein, then for the term of one (1) year after the date of the final judgment in this cause, unless the plaintiffs pay to the Clerk of this court for the defendant the amount of Sixty-three Hundred Forty-two and 50/100 ($6,342.50) Dollars with interest thereon from date hereof at the rate of six per cent (6%) per annum, and provided further, however, that if the plaintiffs shall neglect during said period of time to pay said sum together with interest thereon as above provided and the defendant shall with-

in six (6) months after the expiration of said one (1) year period pay to the Clerk of this court for the plaintiffs the sum of Fifteen Hundred and No/100 ($1,500.00) Dollars, the value of the First Tract above described, then the plaintiffs shall be forever barred of their writ of possession and from ever having or maintaining any action whatever against the defendant, her heirs or assigns, for the First Tract above described; and provided further, however, that if the defendant or her legal representatives shall not within said six (6) months aforesaid pay to the Clerk of this court for the plaintiffs the sum of Fifteen Hundred and No/100 ($1,500.00) Dollars as above directed herein, then the plaintiffs may sue out their writ of possession for the First Tract hereinabove described in due time and as in ordinary cases. * * *"

Appellee, by way of cross action, plead that appellants agreed to sell and did sell by oral contract to her and her late husband the 0.42 acre tract of land in question for and in consideration of cancellation of a $250 promissory note which appellant owed his half brother Webster, deceased. She also plead that if she should be mistaken in this, then appellants agreed to give her and her husband the land in question if they would improve it and move thereon. She further plead in the alternative that believing in good faith they owned the land, she and her husband made permanent and valuable improvements thereupon in the value of $10,000 and prayed "in the alternative that she have judgment for the value of said improvements aforesaid, and that she have such other and further relief to which she may be entitled, either at law or in equity."

The jury found that appellee and her late husband made valuable improvements upon the land in question with the consent of appellants, to wit: "Filling station, grocery quarters, garage, sand rock fill in, chat and fruit trees."

The jury found against appellee upon her issues of gift and sale of the land to her and her husband by appellants.

Appellants' point two is designed to present error of the trial court on the ground that appellee's pleadings did not support the judgment in her favor for improvements.

■ We believe in the absence of an objection to the rather scanty pleading of appellee seeking recovery of value of improvements placed upon the premises in question that the same as above enumerated is sufficient to support the trial court's judgment.

Appellants' points one, three, four and five are directed to error of the trial court for the following reasons: (1 and 4) Appellee is not entitled to recover for valuable improvements made while in possession of the property in question when her title failed by findings of the jury; (3) that the issues found by the jury to the effect that appellee made valuable improvements while in good faith were in conflict with the jury finding that there was not an oral sale or oral gift of the property made by appellants to appellee; and (5) under the findings of the jury it was error to render judgment for appellee for improvements placed on the premises without a written agreement from appellant to pay appellee for such improvements.

■ Appellants devote a greater portion of their brief in discussing the law pertaining to the issues of parol sale and parol gift of land. These points are not before this court since the judgment, under findings of the jury, vests title to the land in question to appellants, provided they meet the conditions set out therein, which conditions are not complained of here. Issues pertaining to recovery of the value of property placed on the premises arise only when title has failed in the party making such improvements. Provisions of Articles 7393 and 7394, Vernon's Anno.Tex.Civ.St., authorize recovery of the value of improvements placed on land in good faith by the losing party while same is in his possession. If appellee had won title to the property as she claimed, then the issue as to value of improvements which she had placed thereon would become moot.

The trial court submitted Special Issues Nos. 3, 4, 9 and 10 thus:

"(3) Do you find from a preponderance of the evidence that R. L. Hurst paid for the improvements on the land in controversy placed thereon during the latter part of the year 1941?"

"(4) Do you find from a preponderance of the evidence that after July 10, 1941, W. G. Webster and wife, Marguerite Webster, went into exclusive possession of the land in controversy?"

"(9) Do you find from a preponderance of the evidence that Mr. and Mrs. Webster made valuable and permanent improvements upon the land in dispute with the consent of Mr. and Mrs. Hurst?"

"(10) Do you find from a preponderance of the evidence that Mrs. Webster and her husband erected valuable and permanent improvements on the tract of land in dispute, in the good faith that said tract of land was to be theirs?"

The jury answered each of these issues in the affirmative except No. 3, which was answered in the negative.

The jury found in answer to Special Issues Nos. 11 and 12 that value of the land in question was increased to the sum of $7,500 by the erection of permanent improvements thereon by Mr. and Mrs. Webster; that the value of such improvements was $6,500. That value of use and occupancy of the land between September 16, 1941, and February 14, 1952, exclusive of the improvements made by appellee et vir., was the sum of $157.50, as shown by the jury's answer to Special Issue No. 16. In answer to Special Issue No. 17 the jury found value of the land in controversy as of February 14, 1952, exclusive of the improvements, if any, made by appellee et vir., was the sum of $1,500.

█ We believe that these findings by the jury, along with additional findings reflected in the trial court's judgment, and as heretofore mentioned in this opinion, are sufficient to support said judgment under the facts in this case. Appellant did not make one objection or exception to the trial court's charge. Appellee testified that in 1941, while visiting appellants, she and her husband were induced to erect the improvements on this property, with the understanding that such improvements and the land were to be theirs. That she occupied same as her homestead from 1941 until the suit was filed. Said suit was filed within a short time after her husband's death some nine years after they began occupying this property. That at the time they agreed to build on said property, appellants owed her and her husband a $250 note. That appellant Hurst agreed to give this land to them in consideration of the cancellation of said note. That she still had possession of said note.

█ In one of appellants' supplemental briefs they cited as error the fact that the trial court's judgment required a finding of the jury as to whether appellee et vir., entered into possession of the premises in question in Reliance upon the oral sale or oral gift. We believe in the absence of an objection or exception to the way and manner the trial court submitted the case to the jury that it is too late for them to now complain of its failure to submit such phase or element of an ultimate issue. We believe such element of a main issue would be deemed, as found by the court, to support the judgment under Rule 279, Texas Rules of Civil Procedure.

It appears from the trial court's judgment that it undertook to adjust the differences between the parties by rules of equity. Under findings of the jury, we do not believe that the judgment is unreasonable or unfair. Therefore, we will not disturb such equitable distribution. Since the jury found that appellee is entitled to recover the sum of $6,342.50 for the value of improvements placed on the property in good faith, to hold for appellants would be enriching them to the value of such amount at the expense of appellee.

Finding no error is shown by appellants' points, we affirm the trial court's judgment.