E. L. POWELL et al., Appellants,

v.

H. K. JACKSON, Individually and as Independent Executor of the Estate of S. C. Curry, Deceased, and Lucille Curry, a Widow, Appellees.

No. 6815.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 15, 1958.

Rehearing Denied Jan. 12, 1959.

---

Richard D. Bird, Childress, and Bell & Sowell, Quanah, for appellants.

Lumpkin & Watson, Amarillo, Storey, Storey, Donaghey and Sheridan, Vernon, Rex Sullivan, Jr., Quanah, for appellees.

CHAPMAN, Justice.

Appellants in this Court, plaintiffs below, are the lineal heirs of Eliza Jones Curry. They filed this suit in the court below in the nature of a partition. The claims asserted are by virtue of the Statutes of Descent and Distribution, under a warranty deed dated December 12, 1910, from S. C. Curry to Eliza Curry, his wife, the same person as Eliza Jones Curry.

Appellee, Harvey K. Jackson, is the nephew of S. C. Curry and the sole beneficiary in his will. S. C. Curry's first wife, Eliza Curry died in 1946, leaving no children or parents. He married shortly there-

after but in October, 1950, was divorced from his second wife, Mollie Curry, whose property rights were adjudicated in the divorce. His third wife, Lucille Curry was his surviving wife and is one of the appellees herein. Appellants are the nephews and nieces and their heirs of Eliza Curry, claiming under her through the 1910 deed hereinafter described.

To the suit for partition and division of the 245 acres involved, deeded by S. C. Curry to his wife, Eliza Curry in 1910, appellees pleaded that a parol trust had been engrafted upon the 1910 deed just mentioned and also pleaded in trespass to try title.

The case was submitted to a jury and to questions propounded to them they answered in effect that at the time the 1910 deed was made from S. C. Curry to Eliza Curry, he intended to retain the equitable or beneficial title and that he intended to convey to Eliza Curry only the legal title for her to hold in trust for him and their community estate; that at the time of the delivery of the deed, Eliza Curry intended to hold the property appellant conveyed thereby in trust for S. C. Curry and for their community estate and that she did not intend to take the equitable title; and that S. C. Curry made the 1910 deed with a view of avoiding his creditors. The record shows these creditors were paid in later years.

In their first ten points of error appellants complain only of the weight and sufficiency of the evidence to show the existence of a parol trust. In their only other point they assert error on the part of the trial court in permitting the introduction of a divorce decree in favor of S. C. Curry against his second wife, Mollie Curry.

It appears from the record herein that the contested land was acquired jointly in 1904 by S. C. Curry and his brother, T. E. Curry. When S. C. Curry married Eliza Curry in 1906 he was an uneducated railroad worker and she was a schoolteacher.

In 1907, T. E. Curry, S. C. Curry, his brother, and Eliza Curry executed a partition deed in which the contested land was allotted to S. C. Curry. In 1912, the same three parties executed another partition deed which recited that it was "given to correct" the 1907 deed. This latter instrument, signed and acknowledged by Eliza Curry recited, "That whereas, T. E. Curry and S. C. Curry own and possess two tracts of land in Hardeman County, Texas, described as follows:" Then followed a description of the contested land along with other land being partitioned.

In the trial of the case Mrs. Homer Walkup, a neighbor of the S. C. Currys since about 1910 and a disinterested witness testified to a conversation with Mrs. Eliza Curry in 1921 in which Mrs. Curry had told her in effect that the land was Mr. Curry's, that he deeded it to her when he was working on the railroad to keep it from being taken away from him.

The testimony shows that S. C. Curry and Eliza Curry, his first wife, lived together on the land in controversy until her death in 1946, that he continued to live on it until his death, and that during all their married lives they treated it as his own. He even borrowed money on it in 1912. The only evidence to the contrary was testimony of one of the parties to the suit that he drilled a well for her on the place and she paid him for it. The jury as the exclusive judges of the credibility of the witnesses had a right to disbelieve such testimony or to believe that in doing so she was acting for him.

The testimony also shows that at the time of the 1910 deed S. C. Curry owed a number of debts he could not pay and owed some money on the contested land. It seems apparent from the record he thought by conveying the land to his wife he could save it from foreclosure for the money he owed on it and from possible judgments on the debts he owed and could not pay.

The principal question to be here determined is whether from the testimony above outlined, and all other circumstances of the case appellees established a parole trust in the land, with the legal title in Eliza Curry from 1910 until her death and with the equitable or beneficial title in S. C. Curry.

The 1910 deed simply showed a consideration of $1 and the further consideration of love and affection. It nowhere contained a separate property recital nor recited a contractual consideration. Under such facts we believe the law is well settled in this State that parol evidence was admissible for the purpose of engrafting a parol trust upon a deed absolute on its face, executed before the effective date of the Texas Trust Act originally passed by the Acts of the Forty-Eighth Legislature, Vernon's Ann.Civ.St. art. 7425b–1 et seq. James v. Fulcrod, 5 Tex. 512; Jackson v. Hernandez, 155 Tex. 249, 285 S.W. 2d 184. In a very early case our Supreme Court held that, "A conveyance to the wife, of lands purchased with the funds of the husband, is prima facie a gift from the latter to the former; *but the presumption may be rebutted by proof that the purchase was for his own benefit.*" Higgins v. Johnson's Heirs, 20 Tex. 389, 394. We believe the same rule would apply where the husband deeds his separate property to his wife, such a deed being subject to being impeached, as are similar conveyances between strangers. Speer's Law of Marital Rights, Sec. 133, pp. 181–182. The exceptions to the right to rebut the presumptions are when the deed contains separate property recitals or recitals of a contractual consideration. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900; Jackson v. Hernandez, supra. (Emphasis added.)

With respect to the quantum of proof necessary to engraft a parole trust upon the legal title, we are not unmindful of the fact that we have held the burden of proof is upon the claimant to establish the asserted trust by evidence that is clear,

satisfactory, and convincing. Talbott v. Hogg, Tex.Civ.App., 298 S.W.2d 883. We believe this to be a correct general statement of the law in this State. Millsaps v. Moon, Tex.Civ.App., 193 S.W.2d 221; Speights v. Deon, Tex.Civ.App., 182 S.W. 2d 1016. However, at least one Court of Civil Appeals case has held that the decisions in our State on what constitutes clear and satisfactory evidence are themselves neither clear nor satisfactory. Ballard v. Ballard, Tex.Civ.App., 296 S.W.2d 811.

Our Supreme Court in Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493, 496, after outlining the facts in a parole trust case has said:

"In the face of these facts, we cannot say, as a matter of law, that the Court of Civil Appeals was wrong in holding that there was sufficient evidence of an agreement preceding the deeds and bill of sale from Lou Eaton to George to establish a trust in favor of Mrs. Husted to the extent of her interest in the property so conveyed. We think their conclusion is correct. There is no other apparent explanation for the conveyances. If there could have been any doubt as to the creation of a trust in the property it was removed by George Eaton's acknowledgments. 1 Bogert, Trusts and Trustees, § 66, p. 269. On the whole, the evidence supporting the jury findings makes it *reasonably clear and certain* that a parol trust was created as asserted by the respondents. McBride v. Briggs, Tex.Civ.App., 199 S.W. 341. *We thus view the evidence most strongly in support of the trial court's judgment.* Briscoe v. Bright's Adm'r, Tex.Com.App., 231 S.W. 1082." (Emphasis added.)

The McBride case cited by Judge Brewster as authority on the question of quantum of proof in that part of his opinion just quoted was by this Court wherein we held, "The true criterion * * * is not, has the trust been established by a

particular amount of evidence, but, does this evidence, after being adduced, make it reasonably clear and certain that the verbal trust was made, as alleged?" [199 S.W. 342.] Though the statements just quoted in the Husted case and McBride case are not in the exact language of the "clear, satisfactory, and convincing" cases, we cannot say they are contrary to them. We believe the courts in the Husted and McBride cases are saying, in effect, that where the triers of the facts have found the quantum of proof sufficient to satisfy their consciences the appellate courts must view the evidence most strongly in support of the trial court's judgment. Briscoe v. Bright's Adm'r., Tex.Com.App., 231 S.W. 1082. In any event, we must say the Husted case is the law because it is the pronouncement of our Supreme Court with no statement by the court since to the contrary, so far as we have been able to find.

■ When these rules of law are applied to the facts of our case and all the facts and circumstances are considered as a whole, viewed in the light most favorable to appellees, we cannot say as a matter of law that the trial court was wrong in holding there was sufficient evidence of an agreement between S. C. Curry and Eliza Curry, his wife, that she would hold the land in trust for him made prior to or contemporaneous with the execution of the 1910 deed on which to go to the jury. To paraphrase Judge Brewster in the Husted opinion, there is no other apparent explanation of the 1910 conveyance, of Eliza Curry's statement made to Mrs. Walkup, or to the statement in the 1912 partition deed signed by her after the 1910 deed above described.

■ Appellants insist there was not sufficient evidence of the agreement between the parties made prior to or contemporaneous with the execution of the 1910 deed, but again we believe the testimony and circumstances taken as a whole are sufficient. It does not comport with normal conduct between a man and his wife that he would

deed her all the property that he had in the world without some understanding between them before the delivery of the deed. Especially is this true when we consider the fact that during all the years after the deed was made she recognized the land was S. C. Curry's and when we add that recognition to her statement to Mrs. Walkup that Mr. Curry owned the land when they were married, that it was his and he deeded it to her when he was working on the railroad to keep it from being taken away from him. If they had not had an understanding and agreement she could not have known why he deeded it to her. Since we are obligated to view the evidence most strongly in support of the trial court's judgment, Eaton v. Husted, supra, we will have to say appellants' first ten points of error must be overruled.

■ The only other point raised by appellant is the asserted error of the trial court in admitting in evidence the divorce decree between S. C. Curry and his second wife, Mollie Curry, in which the trial court found the contested property to be the separate property of S. C. Curry.

In their pleadings appellees relied upon various statutes of limitations in addition to the parole trust. We believe the deed furnished some notice of the character of the claim asserted. It has been textually stated that:

"Declarations of a person made while in possession of property, though in their nature self-serving and hearsay, are admissible to explain the nature and character of his possession, and to show the extent of his interest and the character of his holding. The fact that a person in possession of property makes a claim of ownership or asserts that it belongs to him is no evidence of title and is inadmissible to prove the truth of the claim; but it is the best possible evidence to prove that he claims the property, and may be shown to prove the character of the possession held by him at the time of

making the declaration and to account for and explain the same." 17 T.J. Sec. 249, p. 597.

 Since the deed was admissible for the purpose stated the burden was on appellants to request a limiting instruction, 24a T.J. pp. 564–565, which they failed to do. Additionally, " * * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the * * * court." Rule 434, Texas Rules of Civil Procedure. Not being of such opinion appellants' eleventh point is overruled.

We can envision a state of facts that might be stronger in establishing a parol trust in land than the record in the case at bar, but the credibility of Mrs. Walkup's testimony was for the jury, as was the statement of the 1912 partition deed in which Eliza Curry recognized that her husband owned the contested land. The jury having found from these and other facts and circumstances in the case that S. C. Curry deeded the land with the view of avoiding his creditors, that he intended to convey only the legal title and retain the beneficial or equitable title, and that Eliza Curry intended at the time to hold the property apparently conveyed in trust for S. C. Curry and did not intend to take the equitable or beneficial title we do not feel that we would be justified in disturbing that verdict. We have no hesitancy in saying, "On the whole, the evidence supporting the jury findings makes it reasonably clear and certain that a parol trust was created as asserted * * *." Eaton v. Husted, supra [141 Tex. 349, 172 S.W.2d 496]. Since we are obligated by

the case just mentioned to view the evidence most strongly in support of the trial court's judgment the same is in all things affirmed. In view of the disposition we have made of the case we do not consider it necessary to write on appellees' cross assignment of error.